```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/16/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
In re JANICE CARRINGTON,

                                   Debtor.

JANICE CARRINGTON,

                               Appellant
   -against-

SALVATORE LAMONICA and WILLIAM K.
HARRINGTON, UNITED STATES TRUSTEE,

                               Appellees.
------------------------------------------------------------------X

23-CV-6430 (AT) (RWL)

Appeal of Bankruptcy
Case No. 20-10034-LGB

**ORDER ON MOTION
FOR STAY**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Debtor Janice Carrington ("Carrington"), pro se, appeals from an order of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") converting her case from one under Chapter 11 to one under Chapter 7 (the "Conversion Order"). Presently before the Court is Carrington's motion for a stay of all proceedings in the Bankruptcy Court pending determination of Carrington's appeal of the Conversion Order (the "Stay Motion"). (Dkt. 5.) For the reasons set forth below, the motion for a stay is DENIED.[1]

**Factual And Procedural Background**

Concurrent with the instant order, the Court has issued a Report and Recommendation that the Conversion Order be affirmed (the "R&R"). The Factual and

---

[1] The motion for stay has been referred to me for an order on a non-dispositive motion, while the appeal and dispositive motions have been referred to me for report and recommendation. (Dkt. 7.)

1

Procedural Background set forth in the R&R is adopted herein by reference in its entirety.

## Discussion

There is no basis for the Court to grant a stay of the bankruptcy proceedings. Carrington's motion is procedurally improper; and, in any event, Carrington cannot satisfy the showing required to obtain a stay.

### A.     Failure To Seek Relief In The Proper Forum

"Ordinarily, a party must move first in the bankruptcy court" for a stay of a bankruptcy court order pending appeal. Fed. R. Bankr. P. 8007(a)(1).  A party may first file a stay motion directly in the district court only if the party can "show that moving first in the bankruptcy court would be impracticable." Fed. R. Bankr. P. 8007(b)(2)(A). Carrington did not follow these precepts.  Instead, she filed for a stay in this Court without having first filed in the Bankruptcy Court and without having shown that doing so would be impracticable.

Although Carrington is pro se, and therefore, entitled to liberal reading of her pleadings, she is not exempt from compliance with relevant rules of procedural and substantive law.  *See Azzarmi v. Key Food Stores Co-Operative Inc.*, No. 20-CV-8635, 2021 WL 1734922, at *3 (S.D.N.Y. May 3, 2021) ("Pro se status 'does not exempt a party from compliance with relevant rules of procedural and substantive law'") (quoting *Maisonet v. Metropolitan Hospital & Health Hospital Corp.*, 640 F. Supp.2d 345, 348 (S.D.N.Y. 2009)); *Harley v. Nesby*, No. 08-CV-5791, 2011 WL 6188718, at *11 (S.D.N.Y. Dec. 12, 2011) ("pro se parties are not excused from complying with procedural rules") (collecting cases).  Carrington no doubt is aware of the requirements of Bankruptcy Rule 8007, as evidenced by her assertion, incorrect as it may be, that the stay motion "has

also been filed with the Bankruptcy Court." (Stay Motion at 2.) Carrington moved the Bankruptcy Court to stay a different order, requiring her to turn over the Florida Property sale proceeds to the Chapter 7 trustee. (*See* Bkr. Dkt. 376.[2]) Carrington did not, however, move the Bankruptcy Court for a stay of the Conversion Order or the bankruptcy proceedings in their entirety, as she now seeks to do.

"[D]istrict courts routinely dismiss motions for a stay pending appeal when," as here, "relief is not first requested from the bankruptcy judge and the failure to do so is not adequately explained." *In re Anderson*, 560 B.R. 84, 90 (S.D.N.Y. 2016); *see also In re Alexander*, 248 B.R. 478, 484 (S.D.N.Y. 2000). Carrington's failure to comply with Bankruptcy Rule 8007 is reason alone to deny the Stay Motion. But, as discussed next, even considering the Stay Motion on its merits, the relief Carrington seeks is not warranted.

**B. A Stay Is Not Warranted**

To determine whether a stay pending appeal is appropriate, a court considers "four well-established factors." *In re 461 7th Avenue Market, Inc.*, No. 20-3555, 2021 WL 5917775, at *1 (2d Cir. Dec. 15, 2021). They are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* (affirming denial of stay pending conversion from Chapter 11 to Chapter 7 and quoting *In re World Trade Center Disaster Site* Litigation, 503 F.3d 167, 170 (2d Cir.

---

[2] "Bkr. Dkt." refers to the docket of Carrington's bankruptcy case, No. 20-10034-LGB (S.D.N.Y.). "Dkt." refers to the docket of the appeal in this Court.

2007); *In re Sabine Oil & Gas Corp.*, 548 B.R. 674, 681 (Bankr. S.D.N.Y. 2016). A stay pending appeal under Rule 8007 is "the exception, not the rule." *In re LATAM Airlines Group S.A.*, No. 20-11254, 2022 WL 2811904, at *2 (Bankr. S.D.N.Y. July 16, 2022) (citations omitted). Accordingly, the party seeking a stay pending appeal "carries a heavy burden." *In re Adelphia Communications Corp.*, 333 B.R. 649, 659 (S.D.N.Y. 2005). Here, none of the factors weigh in favor of a stay.

**1. The Merits**

Carrington has not shown that she is likely to prevail on appeal, which requires her to demonstrate that the Bankruptcy Court abused its discretion in converting the case to Chapter 7. *See In re Lynch*, 795 F. App'x 57, 59 (2d Cir. 2020) ("order converting a bankruptcy case for cause is reviewed for abuse of discretion"). "A bankruptcy court abuses its discretion if it bases its decision on an erroneous view of the law or clearly erroneous factual findings." *In re Blaise*, 219 B.R. 946, 950 (B.A.P. 2d Cir. 1998). It is unlikely that the Bankruptcy Court erred in either respect. Indeed, this Court has reviewed the entire record and recommends that the Conversion Order be affirmed as there is ample ground for doing so. The Court incorporates herein by reference its merits analysis from the R&R.

**2. Irreparable Injury**

Carrington also does not show that she will suffer irreparable injury absent a stay. Harm must be "actual and imminent," *In re Adelphia*, 361 B.R. at 347, "not … remote or speculative," *In re 461 7th Ave. Market, Inc.*, 623 B.R. at 694 (denying stay pending appeal of conversion order). Whether Carrington could ever confirm a Chapter 11 plan even if the Conversion Order were reversed is speculative at best. Carrington has been

in bankruptcy for over three years; a plan of reorganization has not been confirmed; and the Bankruptcy Court found no evidence to suggest that Carrington could successfully reorganize. To the contrary, when Carrington asked for another plan extension at the June 23, 2023 hearing, the Bankruptcy Court opined that "unfortunately another month isn't going to do anything here." (Bkr. Dkt. 355, Tr. at 42:24-43:1.) "[L]osing the chance to propose a reorganization plan cannot amount to irreparable injury if there is no hope of confirming the plan." *In re 473 W. End Realty Corp.*, No. 14-CV-2321, 2014 WL 2213082, at *2 (S.D.N.Y. May 12, 2014); *see also In re Hi-Toc Development Corp.*, 159 B.R. 691, 693 (S.D.N.Y. 1993) ("since no real likelihood of successful reorganization appears to exist, no irreparable injury flows from the conversion to Chapter 7.")

Carrington suggests that her home is in peril (Stay Motion at 2), but that too is merely speculative. In the event the Trustee seeks authority to liquidate additional assets of the bankruptcy estate, the Bankruptcy Court will be required to make an independent determination as to whether such relief should be granted. The mere prospect of such relief being granted does not constitute irreparable harm. And while Carrington describes herself as "utterly depleted financially, emotionally and physically" by the proceedings (Stay Motion at 1), she puts forth no facts showing that she faces imminent physical or mental harm if the bankruptcy proceedings are allowed to continue.

### 3. Harm To Others

Nor does Carrington offer any facts or argument as to why other parties interested in the proceeding – namely the Trustees and creditors – would not incur substantial injury if a stay were to issue. If a stay is granted, the Trustee will be unable to carry out its mandate to collect and reduce to money the property of the estate for the benefit of

5

creditors. *See* 11 U.S.C. § 704(a) (enumerating Chapter 7 Trustee's duties); 11 U.S.C. § 1106(a) (enumerating chapter 11 Trustee's duties). Carrington's creditors, unpaid in the bankruptcy case for over three years, will continue to be injured. As Carrington is unlikely to succeed on the merits, granting a stay "would prolong the bankruptcy proceeding with no foreseeable offsetting gain and thus injure creditors." *Hi-Toc*, 159 B.R. at 693 (denying stay pending appeal of conversion order).

### 4. The Public Interest.

Finally, the public interest also weighs against a stay. That is because the "public's interest in the expeditious administration of bankruptcy cases is impaired by obstructing a [bankruptcy] trustee's efforts to collect, liquidate and distribute assets to creditors of the estate." *In re Kwok*, 653 B.R. 480, 508 (Bankr. D. Conn. 2023).

### Conclusion

For the reasons set forth above, Debtor's motion to stay the bankruptcy proceedings, whether in part or in whole, is DENIED.

SO ORDERED:

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: October 16, 2023
       New York, New York

Copies transmitted to all counsel of record and to Debtor.