UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Janice Carrington,

                              Debtor.

Janice Carrington,

                              Appellant,

        -against-

Salvatore LaMonica and William K. Harrington,
United States Trustee,

                              Appellees.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/12/2024

23 Civ. 6430 (AT) (RWL)

**ORDER**

ANALISA TORRES, District Judge:

      By "emergency motion" dated January 10, 2024, Appellant *pro se*, Janice Carrington, moves for an order directing the Trustee in her ongoing Chapter 7 bankruptcy case to "stop all the proceedings for the sale of [Carrington's] properties."[1] Mot. at 6, ECF No. 34. Carrington contends that, for various reasons, nineteen of the Trustee's claims to the bankruptcy estate properties are deficient. *See* Mot. at 7–17.

      The motion is procedurally improper. Pursuant to section 363 of the Bankruptcy Code, a bankruptcy trustee, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). The trustee is generally required to give at least twenty-one days' notice of a proposed sale, Fed. R. Bankr. P. 2002(a)(2), and to "examine proofs of claims and object to the allowance of any claim that is improper," 11 U.S.C. § 704(a)(5).

      Here, the Trustee represents that "there are no pending sales of any property of [Carrington's] bankruptcy estate," and that "the Trustee has not sought Bankruptcy Court approval to sell either property (or any other property of [Carrington's] estate)." Opp. at 5, ECF No. 38. The Trustee is required to comply with the notice and hearing requirements in bankruptcy court if and when he determines to proceed to any sales. "Furthermore, should the Bankruptcy Court authorize the Trustee to proceed with a sale of property of the Debtor's Chapter 7 estate, the Debtor would be required to first move for a stay in the Bankruptcy Court, unless impractical." *Id.* at 6 (citing Fed. R. Bankr. P. 8007(a)(1)).

      The proper forum for Carrington's objections is the Bankruptcy Court, and the proper time for such objections is when a sale of the estate property is imminent, not speculative. Accordingly, Carrington's motion to stay the bankruptcy proceedings is DENIED.

---

[1] The Court assumes familiarity with the facts and procedural history of this case, as detailed in previous orders. *See, e.g.*, ECF No. 26 at 1–8, *R. & R. adopted*, ECF No. 32.

The Clerk of Court is directed to mail a copy of this order to Carrington.

SO ORDERED.

Dated: March 12, 2024
       New York, New York

_____
ANALISA TORRES
United States District Judge